# ORANGE COUNTY.

## MARCH TERM, 1837.

PRESENT, HON. STEPHEN ROYCE,　　　⎱
　　" 　SAMUEL S. PHELPS. ⎰
　　" 　JACOB COLLAM ER. ⎱ *Assistant Justices.*
　　" 　ISAAC F. REDFIELD. ⎰

HARRY HOLMES *v.* WILLIAM S. BURTON, FRANKLIN OLDS, &
ELIAS LYMAN.

Orange,
March,
1837.

One of three partners (the partnership being notorious,) purchases a horse, for which he gives his individual note : The partners are not liable, although the avails of the horse, when sold, go into their partnership fund.

This was an action of assumpsit, in three counts, against the defendants, as joint partners with one Levi Blood, under the firm of Levi Blood & Co. The first count was upon a note, alleged to have been signed by said Levi Blood, " for the interest, profit, and benefit of the said firm of Levi Blood & Co." The second and third counts were for a horse sold by plaintiff to defendants. The defendants pleaded *non assumpsit*. Issue joined to the court.

On the trial of said issue, the plaintiff proved the following facts, to wit ; In the year 1834 and 1835, the defendants, together with Levi Blood, were co-partners in trade, and carried on a retail store at Post mills village, under the name and style of " Levi Blood & Co." The business was conducted by said Levi Blood. He occasionally purchased and exchanged horses,

sometimes paying therefor, in part, in goods from said store. Of this course the defendants had occasionally expressed disapprobation. Neither of the defendants resided in the immediate vicinity of the store. In February or March, 1835, Blood purchased of the plaintiff a horse, for which he gave the note in question, signed in his own name. This horse, together with two others, he sold in April, 1835, for $275. The price, at which he sold this horse, was $100. This money was by him put into the other money of the concern, and entered on their cash book, as money received for horses sold. In June, 1835, Blood bought a horse of J. Eastman, for which he first executed his own note, but Eastman insisting on the name of the company, Blood added to his name the words " & Co." After this, the defendants and Blood dissolved, and Blood left the country. Upon this dissolution, it appeared, that, in taking an account of the condition of the concern, among the debts outstanding against the firm, was entered this note of Harry Holmes. When Blood left the concern, one Brown was received by the defendants as the acting partner, and to this new concern passed all the goods of the former one, and the horse so bought of Eastman and two other horses, which Blood then had. It did not appear directly that the defendants knew, at the dissolution, in what manner this note was signed. Brown, for the new concern, paid Eastman his note aforesaid. These were the whole facts proved. The court rendered judgment for the plaintiff, to which the defendants excepted, and the cause passed to this court.

*A. Tracy, for defendants.*

I. The plaintiff cannot recover on the first count in his declaration, because there is a variance between the note declared on and the one produced in evidence.

II. He cannot recover on the other counts.

1. Because the transaction is not within the scope of the partnership dealings, and no knowledge or consent of the defendants is shown, and it is not sufficient, in such case, to show that the property went into the partnership fund.

2. Because the original cause of action is merged in the note in question. *Hutchins & Pickett* v. *Olcutt*, 4 Vt. Rep. 549.

*D. Cobb, and L. B. Peck, for plaintiff.*

1. The court were authorized to presume, from the evidence, that the defendants empowered *Blood* to purchase the horse, on the credit and for the benefit of the company. At all events,

there was evidence tending to prove this fact; and whether the weight of evidence, on this point, was for or against the plaintiff,

is not an inquiry before this court, The court below, who acted in the place of the jury, were the sole judges of the weight of the evidence. It is a question of law whether the testimony *legally tended* to prove the fact, and a question of fact, whether the testimony was sufficient. It is to be presumed the triers found the point satisfactorily established, as they gave judgment for the plaintiff.

2. As a matter of law, the plaintiff is entitled to recover. The horse went to the use of the company, and the note was treated by the defendants, as a claim outstanding against the company, at the time of the dissolution and settlement with Blood. They did not regard the money obtained for the horse, as having been procured and paid in, on the credit of Blood alone, but on that of the firm. No allowance was made him for the horse on the settlement, but it was treated as company property.

But it is said that the plaintiff took Blood's note for the horse, and it is, therefore, insisted, that he sold him on Blood's credit, and not on that of the defendants. This does not alter the case, if the horse was purchased and went for their benefit, unless the plaintiff knew, at the time, that the defendants were concerned with Blood, and having knowledge of this fact, trusted to the credit of the latter. The case does not show this knowledge in the plaintiff, and it is not to be presumed. He may, therefore, recover on the count for goods sold and delivered. *Reynolds et al.* v. *Cleaveland et al.* 4 Cowen, 282. *Muldon* v. *Whitlock*, 1 do. 290. *Schermerhorn et al.* v. *Loines et al.* 7 Johns. Rep. 311. *Everett et al.* v. *Chapman et al.* 6 Conn. Rep. 347.

The opinion of the court was delivered by

Phelps, J.—We are of opinion, that the plaintiff cannot recover upon either count in his declaration. Not upon the first count, for the note is, on the face of it, the individual note of Blood, and not of the partners. Here is an open, notorious partnership, and the paper does not profess to bind them. Had the defendants been dormant partners, the case would have been different. The signature might then be understood to be that of the firm, and, with proper averments and proof, the plaintiff might recover against them. But here there is a partnership, open and notorious, and, upon the face of the note, the presump-

tion is, that the plaintiff relied upon the responsibility of Blood alone.

*Orange, March, 1837.*

*Holmes v. Burton et al.*

Under the second count, the question is, whether the plaintiff can resort to the consideration of the note and recover as for goods sold.

The first difficulty in this course is, that the note itself is evidence that the horse was not sold to the firm, nor upon their credit. It has been held, that if money be advanced to a firm, upon the individual security of one partner, the firm are not liable. This rule holds, where the partnership is public, although it may not apply to the case of a dormant partnership. It goes upon the ground that the creditor elects to take the individual security. Secondly. This not being the case of a dormant partnership, the plaintiff cannot recover upon his general count, unless he is at liberty to repudiate the note, and can also recover upon the sale, as if no note had been given. He can not repudiate the note, because there was no fraud nor concealment; and further, it is not a case, where the presumption would arise, that the purchase was made in behalf of the partnership. The purchase of horses is not within the legal scope of the partnership, and one partner has no authority to bind the other in this way. It is said, it is customary for mercantile firms in the country to deal in horses. This will not vary the case. If a particular firm have dealt in this way, it will afford evidence, in such case, of an authority in one partner to bind the other. But although the practice is common, it does not follow that it is a legal consequence of the connexion. Here, then, is a case, where a contract is made, not within the scope of the partnership, and where the partner has not pledged the credit of the partnership, but his own. He had neither authority to bind his fellows, nor did he attempt to do so. How, then, can the plaintiff recover?

The cases, cited by the plaintiff, are cases, where the purchase was within the scope and for the benefit of the partnership.

It is said, also, that the defendants may be considered, *quoad this purchase*, as dormant partners. Such a precedent would be dangerous in the extreme. It would obliterate the distinction between partnership debts and the individual debts of the partner, and it would be at variance with the settled law on the subject.

The defendants may, indeed, have had the ultimate proceeds of the transaction. But this is not enough. Property may go

Orange,
*March,*
1837.

Holmes
v.
Burton et al.
to the ultimate benefit of a firm, and still the partners may not be liable. If there be any case, in which one partner can purchase property, or loan money, to be put into a partnership, on his own account, the argument fails.

But there is no satisfactory evidence that the defendants had the benefit of this purchase. The money, for which the horse was sold, went into the concern, but upon what conditions, does not appear. For aught we know, Blood credited himself with the money.

As to the supposed adoption of the proceeding by the defendants, it is sufficient to say, that it does not appear that they ever adopted it, or recognized the debt as their own. The entering it, as a debt of the concern, was the act of Blood, and it does not appear that the defendants then knew how the note was signed. They could not be bound by any adoption of the act, unless with full knowledge of all the circumstances.

Judgment reversed, and cause remanded.