## CLARK v. RALLS ET AL.

| 50 | 275 |
|----|-----|
| 98 | 572 |
| 50 | 275 |
| 102 | 317 |
| 50 | 275 |
| 107 | 489 |
| 50 | 275 |
| 111 | 644 |

1. **Vendor and Vendee: REPRESENTATIONS.**   A statement by the vendor, in the sale of a mill and water-power, that "the stream would furnish water to run the mill day and night eight months of the year," was *held* not to constitute a representation entitling the vendee to damages, if the statement proved not to be true.

2. ———: **WARRANTY.**   Nor did such a statement constitute a warranty, it being at most but an expression of opinion, upon which the vendee was not authorized to rely.

3. ———: ———.   If the vendor had made false and fraudulent statements as to existing facts, as distinguished from opinions, upon which the vendee was justified in relying, he would be entitled to recover for the injury.

*Appeal from Marshall Circuit Court.*

FRIDAY, DECEMBER 13.

THE plaintiff, and one James W. Clark, in 1872, purchased of the defendants a grist-mill situated upon South Timber

creek, in Marshall county, paying therefore the sum of eleven thousand dollars. He avers that he and James W. were induced to make the purchase by false and fraudulent representations in regard to the character of the stream which furnished the motive power. He avers that the stream is of such a character that the mill is worth much less than it would have been if the stream were of the character which it was represented to be; that he and James W. sustained great damage; that he has since purchased James W.'s interest in the mill, and in whatever claim for damages accrued to them against the defendants. Other facts are stated in the opinion. There was a trial by jury, and verdict and judgment for the plaintiff for three thousand dollars. The defendants appeal.

*Henderson & Merriman,* for appellants.

*Caswell & Meeker,* for appellee.

ADAMS, J.—The petition avers that "the defendants stated, not in writing, that the stream was permanent and durable;

1. VENDOR and vendee: representations. was not dependent upon surface water and rains for its supply, but was fed by durable springs; that the stream supplied sufficient water and power to run and operate the mill during both the night and day-time for a period of eight months during each and every year." The plaintiff claims that the statement is both a warranty and representation, and he claims that as a warranty it is broken, and as a representation it is false and fraudulent. The plaintiff and his co-purchaser, James W. Clark, both saw the stream at the time they were negotiating the trade. They saw the amount of water which it contained, and the operation of the mill. Whatever statement, therefore, in regard to the power was made by the defendants, must have been, in effect, either that the water would be sufficient to run the mill eight months a year, or had been sufficient to run it eight months a year up to that time. In the latter sense alone could it be a representation, and constitute a ground of recovery for deceit?

What, precisely, the statement was is found in the testimony of J. W. Clark. He says that Ralls claimed that it would furnish water to run the mill day and night eight months of the year. The meaning of this, of course, is that he claimed that it would *thereafter* furnish water to run the mill day and night eight months of the year. Besides, he expressly says that he does not think that Ralls said anything about the durability of the stream in former years. If Ralls, when he made a claim as to what the stream would do, had said that the stream had theretofore furnished water to run the mill that much of the year, or, if less, that the dam or mill had been improved, or had stated any other fact as the ground of his claim, there would have been a clear representation, and if the statement proved to be false and fraudulent, and was such that the plaintiff properly relied upon it, then the plaintiff would have been entitled to recover his damages for the deceit; but Ralls' mere claim as to what the stream would do was not a representation. A representation is a statement of an existing fact. *Grove v. Hodges,* 55 Penn. St., 504. But the plaintiff claims that if the statement is not a representation it is a warranty, and that the evidence shows that it has been broken.

The warranty, if it exists, is in parol, and the defendants insist that where real property is sold and conveyed by deed

2. ——: warranty.

there is a conclusive presumption that no warranty accompanied the sale, unless it is expressed in the deed. A rule similar to this has frequently been held in sales of personal property where there is a bill of sale. *Reed v. Wood,* 9 Vt., 255 ; *Joliff v. Collins,* 21 Mo., 341; *Lamb v. Crofts,* 12 Met., 353. Whether such rule should prevail in the case of the conveyance of real property by deed we need not determine. The claim made by Ralls as to what the stream would do is not a warranty. It is not more than a statement as to what it would do. It is essentially different from a warranty intended to bind the warrantor and render him liable for damages if at any time thereafter the stream should fail. The

purchaser knew well that no human being knew what the stream would do. An estimate, though not an accurate one, could be formed from what it had done; but the country through which it flowed was liable to become more generally cultivated, and that fact alone, to say nothing of the contingency of dry seasons, was liable to diminish it. It would be highly improper to hold that the mere claim or confident prediction as to what the stream would do amounted to a warranty.

Yet this claim appears to have been made largely the basis of the plaintiff's recovery. The plaintiff testified that he relied upon the statement that the stream would run the mill eight months of the year night and day. One Matthews testified as to how much the mill would be worth if the stream would do what it is shown that Ralls claimed that it would. The court instructed the jury that one of the alleged representations, upon which the action was based, was that the stream was sufficient to run the mill eight months of the year night and day. After stating the allegations of the petition, among which was the foregoing, the court said in its fourth instruction:

"These allegations which I have read to you are material in their character, and if you find that they were made by the defendants to the plaintiff or his co-purchaser, preceding the negotiations for the sale, and were believed and relied upon by them, and you further find that these statements were substantially untrue, and were so known to be untrue by the defendants when made, the plaintiff will be entitled to your verdict."

It will be seen from the foregoing that the court regarded the statement or claim as to what the stream would do as a representation, and such that if the jury found that it was false and fraudulent, and relied upon, the plaintiff would be entitled to a verdict. In this view we think the court erred. The appellant, however, while excepting to the fourth instruction, made no assignment of error upon it; but the same

question was raised, in substance, in instructions asked by the defendants. In their seventh and eighth instructions they asked the court to instruct the jury that the plaintiff cannot recover in this action for breach of warranty of the sufficiency of the water, and that if defendant Ralls pointed out the stream, and only gave his opinion as to the quantity of water the creek would furnish, such opinion does not constitute fraud, and the plaintiff cannot recover. The defendants excepted to the refusal to instruct as asked, and assign the same as error.

The statement or claim as to what the stream would do was, in the nature of the case, but an expression of an opinion, and we think that the jury should have been so told. In this connection we may add that we think that the court erred in the tenth instruction, the giving of which was excepted to and assigned as error. The jury was instructed that if the plaintiff is entitled to recover he will recover the difference between the actual value of the property at the time of the sale, and the value it would have possessed had it been as it was represented to be. Taking the word *represented* in its proper sense the instruction would not be objectionable; but taking it in the sense in which the court used it, as shown by other instructions, as embracing the statement as to what the stream would do, it is objectionable.

The appellee insists, however, that if the court erred in giving or refusing instructions this court cannot properly review the errors for the reason that the assignments of error are not sufficiently specific. The assignments upon the instructions are in these words:

"3. The court erred in refusing to give each of the instructions asked by defendant, and numbered from 1 to 13, inclusive.

"4. The court erred in giving to the jury, upon its own motion, each of the instructions numbered 5, 6, 7, 8, 9, 10 and 11."

These assignments are as specific, we think, as are gener-

Clark v. Ralls.

ally made.  A separate assignment, it is true, might have been made upon each instruction given, and upon each refused.  Such assignment would sometimes be more convenient for discussion and reference, but we can hardly say that it would be more specific.

Where an argument is made, assignments of error not referred to are deemed to be waived.  The appellee claims that the assignments of error on the instructions should be deemed to be waived.  The instructions are not specifically discussed.  The assignments, however, are not waived.  They are referred to, and the defendants' theory of the case, as inconsistent with instructions given, and calling for the instructions refused, is elaborately argued.

Many errors are assigned which we do not notice.  It is not probable that the questions raised will arise again.

It is proper that we should say that if the defendants made any false and fraudulent statements as to existing facts, as distinguished from opinions, touching the character of the stream, upon which the plaintiff was justified in relying, and did rely, he would be entitled to recover for the injury sustained; and although the defendant Ralls alone may have negotiated the trade and perpetrated the fraud, still, as Willett took the benefit of the trade, including the benefit of the fraud, if any, he would be equally liable.

In treating the mere claim of Ralls as to what the stream would do as a representation instead of an opinion, and in refusing to instruct that it was not a ground of recovery, we think the court erred.

REVERSED.