## CLARK v. RALLS ET AL.

1. **False Representations**: EVIDENCE: PRACTICE. It was for the jury to determine whether the alleged false representations were made by the defendant as charged, and the evidence being in conflict, it will be held sufficient to sustain the verdict.

2. ———: INSTRUCTION: NOT BASED ON PROOF. It was error to give an instruction based upon a state of facts of which there was no proof.

3. ———: GUARANTY: EVIDENCE. A false representation in respect to property is quite different from a guaranty or warranty of the quality or condition of property, and evidence tending to show a guaranty is not competent in an action for damages for false representations.

*Appeal from Story Circuit Court.*

FRIDAY, APRIL 21.

ACTION to recover for alleged false and fraudulent representations made by the defendants to plaintiff, and one James W. Clark, by which they were induced to purchase of the defendant a certain flouring-mill, situated on South Timber Creek, in Marshall county. The representations complained of were, in substance, that the stream which furnished the motive power for the mill, supplied sufficient water-power to run the mill day and night, for eight to ten months during each, and every year, and sufficient to operate it during the daytime for the remainder of the year, except a short period in an extremely dry season, when the power would be ample to operate for six hours a day.

Issue was joined on the averments of the petition, and a trial to a jury resulted in a verdict and judgment for the plaintiffs for $4,000. Defendants appeal.

*J. L. Carney*, for appellants.

*Caswell & Meeker*, for appellee.

Clark v. Ralls.

ROTHROCK, J.—I. This cause came before this court at a former term upon an appeal by defendants. See 50 Iowa, 275. It was reversed, and remanded for a new trial. The opinion in that case states, in brief, the testimony of J. W. Clark, the witness, then, and now, relied upon to prove the alleged false representations. From that testimony we determined that no actionable representations were made by the defendant, Ralls, the party claimed to have made them, because the statements he did make were mere opinions as to what the power of the stream would be thereafter, and not false and fraudulent statements as to existing facts, or as to the volume of water and power of the stream theretofore.

*1. FALSE representations: evidence: practice.*

It was held, that upon the facts as they then appeared, no recovery could be had. Indeed, the witness in that trial, stated that he did not think Ralls said anything about the durability of the stream in former years. In the last trial, the witness Clark, claims that Ralls stated to him, not only that the stream would run the mill night and day for eight months of the year, but "that it had water enough to run eight months night and day, etc." By this, the witness meant of course that the language used was: It *has* water enough, etc. Now, if Ralls said that, what did he mean? He certainly did not mean that it had at that moment water enough to run eight months night and day. He intended to be understood, as comprehending the history of the stream during the time he had used it as a power, which was some three years. It was for the jury to determine whether, or not, the statement was made by Ralls both ways, as now claimed by this witness, and it is useless, in view of the well known rule prevailing here, as to conflicting evidence, to call our attention to his evidence upon former trials, or to the evidence of Ralls or the witness Howe, which appears to be in direct conflict with Clark's testimony. This disposes of the case as to the sufficiency of the evidence to sustain the verdict, so far as the representations are involved.

II. It is contended by counsel for appellants that the plaintiff did not rely upon the representations. We think the jury may fairly have found otherwise. This conclusion we reach upon the theory that they believed the evidence of Clark, that the representations were made.

III. The plaintiff, and James W. Clark, purchased the mill for $11,000. They paid $4,000 cash in hand, and $2,000 was to be paid in six months, and the balance in a year or two after that. The purchasers took possession of the mill March 1, 1872, and paid all the deferred payments promptly, one payment being made before due. This suit was not commenced until March, 1876. Just before bringing the suit, James W. Clark assigned to the plaintiff his interest in the right of action for damages. Before that time he had sold his interest in the mill to the plaintiff, and the plaintiff had sold to other parties. The court gave the following instruction to the jury:

2. ——: instruction : not based on proof.

"9. The delay in bringing the action, and the prompt payment of the notes for the purchase-money, may be considered as circumstances tending to show that the representations were not relied upon. On the other hand, the price paid, and any complaint of the scarcity of the power—if they made any complaint—may be considered as circumstances tending to show that the representations, if made, were relied upon. The value of these circumstances as evidence is wholly for your determination. Neither is conclusive. The delay in bringing suit, and the prompt payment, will not defeat a recovery; if otherwise, the plaintiff ought to recover. Nor will the complaint of the want of power, or a large price, aid the plaintiff if he ought not otherwise to recover."

There was no evidence, whatever, of any complaint made by the plaintiff or James W. Clark, as to the want of power in the stream, in the sense of charging the defendants with any fraudulent representations. Indeed, it does not appear that they complained of the defendants' acts in any way in connection with the sale of the mill. They paid the deferred

payments without complaint or protest. In view of this want of evidence of complaint, it was error to give the foregoing instruction. This court has frequently held that it is error to give an instruction based upon a state of facts of which there is no proof. See *Hess v. Wilcox, post,* p. 380, and cases there cited.

IV. Many other objections are made to the instructions given by the court to the jury, and to the refusal to give instructions asked by the defendants. We have examined the instructions given, with care, and have to say that we find no error in them, except as above stated. In view, however, of a re-trial, we think it not improper to say, that it would, in our opinion, have been proper to have given the fifteenth instruction asked by the defendants. It is clear and pointed, and in harmony with the former opinion of this court in this case.

V. The plaintiff's son, who was in his employ at the mill, and was a witness on the trial, stated that sometime after the sale of the mill, the defendant, Ralls, in a conversation with him, in speaking of the payment of the notes by plaintiff before due, in answer to an inquiry by witness, as to the consequence of a failure of water, said: "Oh, that is guaranteed." Objection was made to this evidence. The objection was overruled, and the evidence admitted, upon the ground, as stated by the court, "as bearing upon the question as to what representations were made at the time of the purchase." A false representation is one thing, and a guaranty or warranty of quality, or condition of property sold, is quite another thing. The plaintiff was claiming damages for the former, and not for a breach of a guaranty made by the defendants. In view of the other facts, we think this is a case where the evidence should be directed to the specific representations which it was claimed were made, or to the substance thereof, or to admissions that such representations were made, if any such there be. For the errors above pointed out the judgment of the Circuit Court will be

3. ——: guaranty: evidence.

REVERSED.