JAMES PAPATHANASI, Respondent, v. JACOB REITER et al., Appellants. (Action No. 1.)

BERTHA REITER et al., Appellants, v. JAMES PAPATHANASI, Respondent. (Action No. 2.)

Third Department, January 9, 1946.

*Jacob Aks* for appellants in action No. 1.

*Henry Temes* for respondent in action No. 1.

*Lawrence Levine* for appellants in action No. 2.

*George F. Roesch* for respondent in action No. 2.

BREWSTER, J. This is an appeal from an order denying a motion for a new trial of a negligence action made upon grounds of newly discovered evidence.

The newly found evidence pertains to plaintiff Papathanasi's physical conduct observed *after the trial.* Since as a means of proof it was nonexistent at the time of trial, its efficacy to warrant a new trial is chiefly to be tested as to its worth and effect in establishing that plaintiff's judgment was obtained by fraudulent means.

As regards the issues of negligence and contributory negligence present in the consolidated causes, surely the new evidence has naught to do with the issue of contributory negligence on the part of the appellants in the cause they asserted against the respondent, and which issue, the verdict imported, was resolved against them. As to the respondent's cause against the appellants, the new evidence reflects mainly upon the question as to the nature and extent of the disabling effects of his injuries. It does not pertain to the issue of negligence save only as it could be said that it might indirectly affect his credibility. The Trial Justice could properly have decided that this bearing was of little moment in view of other proof upon those issues.

Plaintiff's injuries were sustained as a result of his automobile being collided with by the automobile owned by one and operated by the other of the two appellants. That he was severely and painfully injured is not disputed. The issue upon which the new evidence bears pertains to the nature and extent of the resultant physical disability. The new evidence, if believed, might lessen the probative force of plaintiff's testimony as to his injuries and their disabling effects and possibly also weaken the opinion evidence furnished by the doctors. As to this the Trial Justice who had the motion was in the best position to judge. The motion was largely addressed to his discretion. (*Barrett* v. *Third Avenue R. R. Co.,* 45 N. Y. 628; *Collins* v. *Central Trust Co. of Rochester,* 226 App. Div. 486.) In the *Barrett* case (*supra,* 632) it was said of such motions: " They are addressed to the sound discretion of the court, and whether they should be granted or refused involves the inquiry whether substantial justice has been done, the court having in view solely the attainment of that end." The new evidence is not such as to show either that the discretion was abused or unwisely exercised. There was no claim or proof by plaintiff that he was totally disabled or disabled from doing light manual labor. Practically all that was shown at the trial respecting plaintiff's injuries could be substantially true and still be reasonably consistent with the truth of the new evidence after the latter had been reasonably discounted on account of its elements of opinionated characterization. How " vigorously " it was that plaintiff was observed to have shoveled snow or spaded in his garden, after the trial, is necessarily a relative matter. In and of itself it may not be said to be such as would probably reduce the jury's appraisal which seems sustained by the still undisputed evidence of injury. This being so the new evidence falls short of a showing of fraudulent practices on plaintiff's part sufficient to impeach the judgments. The order appealed from should be affirmed.

All concur.

Order affirmed, with costs.