[Civ. No. 1178.  Second Appellate District.—December 13, 1912.]

## ELIZABETH BICKEL, Respondent, v. BERTHA MUNGER and E. M. MUNGER, her Husband, Appellants.

CONTRACT TO EXCHANGE RANCH FOR IMPROVED CITY PROPERTY—FALSE REPRESENTATIONS BY RANCH OWNER—RESCISSION—DISCOVERY.—A contract to exchange a ranch for improved city property, may be rescinded by the owner of the city property, where the ranch owner falsely represented that five acres of the ranch was in young orange trees of the finest varieties, in full bearing; that it had produced four hundred and fifty boxes of oranges in 1908; that ten acres of the ranch was in assorted table grapes, six or seven years old, and that the vineyard would yield from fifteen to twenty tons of grapes, worth about twenty dollars per ton; that the ranch was worth more than one thousand dollars per acre; was a bargain at fifteen thousand dollars, and would net four thousand per year on the investment; that there was a good pumping plant thereon which cost two thousand five hundred dollars, all of which was contrary to the facts, and the falsity of which was discovered after the exchange was effected.

ID.—PROPER AND IMPROPER BASIS OF RESCISSION—MISREPRESENTATIONS OF FACT—MATTERS OF OPINION—REPRESENTATIONS AS TO CONDITION AND QUALITY OF SOIL—INEXPERIENCE—JUSTIFIED RELIANCE.—The rescission was properly based upon material misrepresentations of fact by the ranch owner. It could not be based upon representations as to mere matters of speculative opinion. But a cause of action

for rescission might be based upon representations as to the condition and quality of the soil and like matters, even though the same was exhibited to the party complaining, where such party was ignorant and inexperienced in such matters, and the party making the representations knew this and knew that the person with whom he was dealing relied upon him to express the truth as to such things.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a motion for a new trial. Benjamin F. Bledsoe, Judge presiding.

The facts are stated in the opinion of the court.

Gray, Barker, Bowen, Allen, Van Dyke & Jutten, for Appellants.

Robert A. Todd, Williams, Goudge & Chandler, and Harry L. Dearing, for Respondent.

JAMES, J.—Appeal from a judgment entered in favor of plaintiff and from an order denying the motion of defendants for a new trial.

This action was brought to enforce rescission of an agreement for the exchange of real properties. Defendants Munger were the owners of a ranch which was located near Baldwin Park in the county of Los Angeles, and plaintiff was the owner of a lot located in the city of Los Angeles upon which was erected a building containing several flats. Plaintiff's attention was attracted by an advertisement inserted by a real estate broker which represented defendants' property to consist of fifteen acres, highly improved with buildings, tankhouse, windmill, grove of five acres full-bearing oranges of the finest varieties, together with lemons, peaches, apricots, and other fruits, which would net, with proper care, four thousand dollars per year. Negotiations were entered into through the agent which resulted in the exchange of the properties being made. Prior to the conclusion of the deal plaintiff visited the ranch of defendants with her two sons, a daughter and son-in-law, and was shown over it by defendant E. M. Munger. In her complaint it was alleged, and the court found the facts to be, that defendants for the purpose of influencing and inducing plaintiff to make the exchange of

properties represented to plaintiff that the fifteen-acre ranch was highly improved; that five acres thereof was in young orange trees of the finest varieties in full bearing; that ten acres thereof was in assorted table grapes, six or seven years old; that the vineyard would yield from fifteen to twenty tons of grapes to the acre, and that the grapes would bring about twenty dollars per ton; that a packing house in the neighborhood would pick and haul the grapes and plaintiff would have nothing to do in marketing the grapes, except to count the boxes as they were hauled away; that the orange trees had produced four hundred and fifty boxes of oranges during the year 1908; that the soil was nice sandy loam, all similar to that shown to plaintiff; that the ranch was worth more than one thousand dollars an acre and was a bargain at fifteen thousand dollars; that it was a very profitable place and would net four thousand dollars a year on the investment; that there was a good pumping plant on the ranch for which the defendants Munger had paid two thousand five hundred dollars. These representations the court found to be untrue, and particularly that the Munger property was not at the time of the exchange, nor at any other time, worth more than seven thousand five hundred dollars; that the orange trees were not young trees, nor of the finest varieties; that a large part of the orange trees mentioned were seedlings and the balance were trees budded to the old stumps of a lemon orchard which had been cut down nearly level with the ground and earth heaped around the base of each tree so as to hide the stumps from view, and that the trees were budded in the year 1900 or 1901, and many of them subsequently rebudded; that the vineyard had never produced crops in a quantity which would nearly equal the quantity that Munger represented the vineyard would produce, and that the vineyard could not, on account of the nature of the soil, produce the quantity of grapes represented; that there was no grape packing house in the neighborhood of the ranch or anywhere in that vicinity; that the orange trees were not in full bearing, and that in the year 1908 they produced less than two hundred boxes of oranges; that the soil of the larger part of the ranch was inferior to that shown to plaintiff; that a wash, or old river bed, ran diagonally through the rear part of the ranch and constituted a large portion of the ranch;

that such portion contained very little soil and consisted almost wholly of sand and rock; that a large portion of the remainder of the ranch was rocky, and of poor quality; that it would be impossible to realize a net sum of four thousand dollars a year out of said ranch, or a net amount near that sum; that defendants Munger did not pay two thousand five hundred dollars for the pumping plant on said ranch, but only about the sum of one thousand two hundred dollars. The court further found that the plaintiff at the time of making the exchange of properties was fifty-two years of age and had been a widow only a short time; that she had never followed any occupation or business other than that of housewife; that her two boys, of the age of twenty-three and nineteen years respectively, and the daughter and son-in-law had never owned or lived upon a fruit ranch and had no experience or knowledge concerning fruit farming or fruit raising; that plaintiff was of a credulous disposition and did not have ordinary business experience and was lacking in ordinary business intelligence; further, that at the time plaintiff inspected the ranch of defendants she only went over a portion of it and made only a superficial examination of the orchard and vineyard and soil; that she did not make a more particular examination because of the representations made to her by Munger as to the superior character of the orange trees and vines, and their large producing qualities and the uniform quality of the soil. There was ample evidence to sustain all of these findings. And it was shown by the testimony that plaintiff gave notice of rescission as soon as she had discovered by actual experience and observation upon the property that the representations made to her by Munger as to the condition, value, and productive qualities of the ranch were untrue.

The contention is made on behalf of appellants that conceding, as it must be conceded because there was evidence to sustain the findings of the court, that the representations as found were made and that they were untrue, that they were not such representations as plaintiff was authorized to rely upon. It is insisted that the false statements all belong to a class denominated *simplex commendatio,* or those commonly and customarily used by a person in praise of his own property. In so far as the representations expressed a

prophecy as to what the ranch would produce in the future, no doubt those matters were matters of opinion which a person must accept as speculative surmises merely, and not as a representation of existing facts. (*Lee* v. *McClelland,* 120 Cal. 147, [52 Pac. 300]; *Rendell* v. *Scott,* 70 Cal. 514, [11 Pac. 779]; *Holton* v. *Noble,* 83 Cal. 7, [23 Pac. 58].) In the case of *Rendell* v. *Scott* it is asserted that representations that a ranch was very rich and productive and would produce fifty bushels of wheat to the acre, and that a portion was good alfalfa land and another portion rich in mineral deposits, were to be considered as matters of opinion rather than as false representations of facts, where there was no averment excluding the idea that personal inspection had been had by the purchaser. We do not doubt, however, but that a cause of action might be predicated upon representations made as to condition and quality of soil and like matters, even though the same was exhibited to the party complaining, where such party was ignorant and inexperienced in such matters and the party making the representations knew this and knew that the person with whom he was dealing relied upon him to express the truth as to such things. The court here found that plaintiff and her sons, son-in-law, and daughter were inexperienced in the business of ranching, and that plaintiff relied upon the representations made to her by Munger, and that the representations were made for the purpose of inducing plaintiff to make the exchange and with the intention on the part of Munger that she should act in reliance upon such representations. Excluding from consideration the finding as to the representations regarding the future bearing capabilities of the trees and ranch, there remain several statements as to material facts respecting which false representations are found to have been made by Munger which must be considered actionable. The five acres of young orange trees represented by Munger to be of the finest varieties in full bearing, were not in fact young orange trees, but trees which were the result of budding upon old lemon roots. Moreover, deceit had been practiced by Munger in order to make it appear that the orange orchard was as represented, for earth had been piled about the trunks of the trees so as to conceal the old stumps which were discovered by plaintiff after the exchange had been made. The representations that the orange

trees had produced four hundred and .fifty boxes of oranges in the year 1908 was a material representation and a representation as to an existing fact upon which plaintiff was entitled to rely.  In determining the then bearing quality of the trees, the amount of fruit produced in the past would be a material fact to be taken into consideration.  The representation that the pumping plant had cost two thousand five hundred dollars when it had only cost one-half that amount, was also a representation of a material fact. And if the plaintiff had only relied upon these representations which we have last referred to, excluding all of those which expressed the opinion of defendant Munger, sufficient facts are made to appear to support the judgment of the court.  We think that under the findings of the court the judgment as entered was not erroneous, and that the evidence sustains such findings.

The judgment and order are affirmed.

Allen, P. J., and Shaw, J., concurred.