[Civ. No. 2732. First Appellate District, Division Two.—March 14, 1919.]

## MARY HUGHES PATTERSON, Respondent, v. ALMOND CITY LAND AND DEVELOPMENT COMPANY (a Corporation), et al., Appellants.

[1] APPEAL — ALTERNATIVE METHOD — INSUFFICIENT BRIEFS.—Where, upon an appeal under the alternative method, there is printed as an appendix to appellant's brief what is designated a *résumé* of the evidence of certain witnesses, and in the brief itself are certain conclusions of fact, to support which no reference is made either to the transcript or the appendix, and there is nothing printed in either brief to inform the court clearly what the issues were before the lower court, and but a single one of the findings is printed, and that in the appendix to respondent's brief, the appellate court will not examine the typewritten transcript in search of error upon which to base a reversal.

[2] Id.—Conflict of Evidence—Findings.—The appellate court cannot overturn the findings of the trial court where there is a substantial conflict of evidence upon the facts found.

[3] Trials — Absent Witness — Continuance Refused — Harmless Error.—Where the parties stipulated that the evidence of an absent witness might be introduced after all other available evidence had been introduced, the trial court did not commit reversible error in refusing to grant a continuance on account of the continued absence of such witness where his testimony could have had no greater force than to import a further conflict of evidence upon an immaterial matter.

[4] Contracts—Rescission—Restoration of Consideration.—Deposit in a bank, by one party to an agreement of exchange who desires to rescind the contract on the ground of fraud, of a deed of reconveyance to the other party, and notification to such other party to call for it, constitutes a sufficient notice of rescission and offer to restore the consideration.

[5] Judgments—Action to Set Aside—Indirect Attack.—A judgment at law in a prior action between the same parties is not *res adjudicata* on the issues in a subsequent suit in equity to set aside such judgment. While this is not a direct attack upon the judgment, neither is it collateral, but is properly designated as an indirect attack.

APPEAL from a judgment of the Superior Court of Alameda County. Stanley A. Smith, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

H. S. Derby and J. C. Nichols for Appellants.

Jay Monroe Latimer and J. E. Pemberton for Respondent.

HAVEN, J.—The appeal is from a judgment in favor of the plaintiff in a suit to rescind a contract for the exchange of real property upon the ground of fraud, and to set aside a prior judgment of the superior court in Alameda County in a suit which grew out of one phase of the dealings between the parties under the contract. The appeal is taken in the so-called "alternative" method. The typewritten transcript of testimony covers something over four hundred pages and the findings of fact alone cover twelve typewritten pages. [1] As an appendix to appellants' brief there is printed what is designated a *résumé* of the evidence of three witnesses,

with some references to transcript pages. In the brief itself are certain conclusions of fact, to support which no reference is made either to the transcript or the appendix. There is nothing printed in either brief to inform the court clearly what the issues were before the lower court, and but a single one of the findings is printed, and that in the appendix to respondent's brief. Under these circumstances, the court will not examine the voluminous typewritten transcript in search of error upon which to base a reversal. (*Scott* v. *Hollywood Park Co.*, 176 Cal. 680, [169 Pac. 379]; *Randall* v. *Allen*, 26 Cal. App. Dec. 852.)

While the above authorities, and many other pronouncements by the appellate courts of this state, justify a refusal to examine any portion of the record not printed in the briefs, we are loath to refuse to pass upon the merits in any case where counsel have endeavored properly to present their points. In this case the appellant contends the judgment should be reversed because of laches on the part of the plaintiff, because of her waiver and ratification of the fraud perpetrated upon her, and because of her failure promptly to meet every requirement of the law in regard to rescission. Giving to the appellants' statement of evidence its strongest force, it appears from the similar unsatisfactory statement of evidence in the respondent's brief that there was a clear conflict of evidence as to the time when plaintiff had knowledge of the fraud, and as to the extent of such knowledge, upon which facts the defenses of laches, waiver, and ratification are all dependent. It must be assumed, therefore, the findings were supported by sufficient evidence. [2] This court cannot overturn the findings of the court below where there is a substantial conflict of evidence upon the facts found. (*Tracy* v. *Smith*, 175 Cal. 161, [165 Pac. 535].)

The same conditions of conflict exist and the same rule applies to the appellants' contention that the plaintiff failed to show the defendants knew of the fraud perpetrated by their agent. Upon this latter point the appellants claim that a new trial should have been granted on the ground of surprise, because of certain proceedings connected with the non-appearance of one Fitch, whose evidence was desired by the defendant company. At the opening of the trial counsel for the parties entered into a stipulation in open court, made a part of the record in the case by the direction of the judge

who was presiding, to the effect that the trial should proceed at that time and, after all available evidence had been introduced, the evidence of the witness Fitch might be introduced. At the close of the trial the appellants sought a continuance of the case in order that the evidence of Fitch might be taken upon his arrival from abroad, a statement being made that he was expected to reach the place of trial within about ten days. The attention of the court was called to the stipulation, notwithstanding which continuance was refused. It is claimed by the appellants that a formal showing would have been made for the continuance but for the stipulation, and that its disregard and the refusal to adjourn the trial deprived the appellants of substantial evidence. So much of the record as is presented by the briefs fails to support this contention. The evidence which the appellants claim would have been given by the witness Fitch was that the defendant company had no knowledge of the admitted fraud perpetrated upon the plaintiff by the company's agent. Apart from any question of the imputed knowledge of the principal, it appears that another agent and officer of the defendant corporation testified that he knew of the fraudulent acts of which complaint was made; that he knew that the agent of the corporation was also the agent of the plaintiff and was receiving compensation both from the plaintiff and from the defendant corporation. Under these circumstances, the evidence of Mr. Fitch could have had no greater force than to import a further conflict of evidence in the case upon an immaterial matter. If there was error in this particular, the appellant has failed to show injury therefrom. [3] We cannot say, therefore, that the refusal of the trial court to grant the continuance or to grant defendants' motion for a new trial was reversible error.

Appellants further claim that the plaintiff failed to establish collusion or fraud in the transaction complained of. The court found the existence of such fraud; and the record discloses sufficient evidence to support such finding.

Objection is made to plaintiff's offer to rescind the fraudulent contract on the ground that the deed of reconveyance from plaintiff to the defendant company of the Yolo County land, which had been conveyed to plaintiff under the contract, did not accompany the offer, and was not tendered to the corporation at its office in San Francisco. The deed re-

ferred to was deposited in a bank at Woodland and the defendant company was notified to call for it. [4] Under the circumstances, this was a sufficient notice of rescission and offer to restore the consideration. The notice was received by the defendant company and it was advised where the deed to it could be obtained upon compliance by it with the plaintiff's demand for a reconveyance to her of the land she had deeded to the company under the contract.

The further contention of appellants that the judgment in a prior action between the same parties is *res adjudicata* and conclusive upon the issues here involved is answered by consideration of the fact that the present action is a suit in equity to set aside the very judgment relied upon. [5] While this is not a direct attack upon the judgment, neither is it collateral, but is properly designated as an indirect attack. In such a case the judgment is not conclusive. In *Eichhoff* v. *Eichhoff*, 107 Cal. 42, 48, [48 Am. St. Rep. 110, 40 Pac. 24, 25], the supreme court says: "In fact, when an action is brought in a court of equity to set aside a judgment at law the attack, although not collateral, is always indirect. (Freeman on Judgments, sec. 485.) The judgment is not under review, but an issue is being tried as to whether the plaintiff is entitled to have a court of equity interpose in his behalf. The judgment is not conclusive in such a case. The question to be determined is whether the adjudication was not procured by fraud or mistake. It may be said that in such a case the legal validity of the judgment is admitted, and it is because of its validity, or apparent validity, that the plaintiff requires to be relieved from it."

The case of *Bingham* v. *Kearney*, 136 Cal. 175, [68 Pac. 597], relied upon by appellants, is distinguished from the instant case, for the reason that that suit was brought to set aside the contract, the validity of which had been determined in the prior action, and was not an attack on the judgment itself.

We find no prejudicial error in the record. The judgment is affirmed.

Langdon, P. J., and Brittain, J., concurred.