[Civ. No. 2164.  Third Appellate District.—May 7, 1920.]

DUNNING BROTHERS COMPANY (a Corporation), Respondent, v. WALDO S. JOHNSON, Appellant.

[1] QUIETING TITLE — INCORRECT DESCRIPTION — MUTUAL MISTAKE — EQUITY.—Where the parties to an action to quiet title, by mutual mistake, incorrectly describe the property and the mistake in the description is contained in the judgment entered therein, in a subsequent action to quiet title and to correct the description a court of equity has the power to correct the mistake.

APPEAL from a judgment of the Superior Court of Yuba County.  Eugene P. McDaniel, Judge.  Affirmed.

The facts are stated in the opinion of the court.

Waldo S. Johnson, *in pro. per.,* J. E. Ebert and W. E. Davies for Appellant.

W. H. Carlin for Respondent.

NICOL, P. J., *pro tem.*—This is an appeal from a judgment of the superior court of Yuba County quieting title of plaintiff to three lots in the city of Marysville and correcting a mistake in the description of the said lots as contained in a judgment entered in the case of *John Martin* v. *Chester A. Smith et al.*

On December 4, 1914, the defendant Waldo S. Johnson purchased at a tax sale made by the tax collector of the said city of Marysville the three lots in question and received a certificate of sale for the same. Thereafter in December, 1915, Johnson demanded a deed for the lots in accordance with the certificate of sale and John Martin, then the owner of the lots, brought suit to quiet his title to the same and also to cancel the said certificate of sale. Judgment was entered in favor of Martin from which Johnson appealed to the supreme court and the judgment was affirmed on September 5, 1918. (*Martin* v. *Smith et al.,* 178 Cal. 812, [175 Pac. 16].)

On September 12, 1917, Martin and his wife deeded the lots in question to Dunning Brothers Company, the plaintiff in the present action. At the time of the making of this deed it was discovered for the first time that there was a mistake in the description of the lots as contained in the pleadings and judgment in the said case of *Martin* v. *Smith et al.* in this, that throughout all the proceedings in said case as well as in the judgment the lots were described as lots 2, 3, and 4 of block 1, in range letter "J," instead of in range letter "I," as the lots, blocks, and ranges are laid down, numbered, and designated upon the record map of said city of Marysville. The present suit was subsequently commenced to quiet plaintiff's title to the lots and for a decree correcting the mistake contained in the said judgment.

[1] Upon the question of mistake the court upon ample and sufficient evidence found as follows: "That, however, by inadvertence throughout all the pleadings in said action tried as aforesaid, and in said judgment, said lots of land above mentioned were described as being in range letter 'J,' instead of the true range, namely, range letter 'I' in said city. Said mistake was mutual between all the parties to said action and the cause was commenced, tried, and determined upon the theory, and upon the belief upon the part of all the parties to said action and on the part of the court

determining the same, that said lots were in said pleadings correctly described. While in truth and in fact the description thereof was incorrect, locating said lots in range letter 'J,' instead of the true range, namely, range letter 'I' in said city."

That a court of equity has the power to correct a mistake like the one here in question is too plain to admit of doubt. In *Quivey* v. *Baker,* 37 Cal. 465, a mortgage by mistake described a different lot from the one intended by the parties to be mortgaged. In fact, there was no such lot as the one erroneously described. Suit was afterward commenced to foreclose the mortgage, the complaint describing the property by the same erroneous description contained in the mortgage. In the decree of foreclosure and in the sheriff's deed was the same mistake in description. It was held that an action would lie to correct all the mistakes and that equity will go back to the original transaction and reform all three so as to make them conform to the original intention of the parties. (See, also, *Busey* v. *Moraga,* 130 Cal. 586, [62 Pac. 1081]; *Donald* v. *Beals,* 57 Cal. 399.) In *Bacon* v. *Bacon,* 150 Cal. 477, [89 Pac. 317], it was held that, "The power of a court of equity to relieve against judgments is not confined to cases where they have been procured by fraud, but extends also to judgments wrongfully given by reason of mistake either of the court or of the injured party unmixed with fraud, and not the result of the negligence of the injured party." In *Partridge* v. *Harrow,* 27 Iowa, 96, [99 Am. Dec. 643], there was a judgment ordered by the district court in favor of plaintiff, in an action on a note, and the clerk was directed to assess the amount due; that by mistake the clerk assessed the amount due at $223.36, instead of $370, and judgment was entered accordingly; defendants appealed to the supreme court and the judgment was affirmed; an execution was issued on the judgment and the amount thereof collected; thereafter, and more than one year after the rendition of the judgment, the mistake was discovered. The court said: "The fact that the judgment of the district court had been affirmed in this court did not deprive that court of jurisdiction of this case. The judgment, as entered in the district court, was appealed from and affirmed, but that affirmance does not operate to prevent the correction of the judgment by the district court in respect to a matter that

was not passed upon by this court. The petition shows that the affirmance of the judgment in the amount as rendered by the district court was also a mistake, and it cannot be doubted that such mistake may likewise, by proper proceedings, be corrected.''

The demurrer interposed by the defendant to the complaint was properly overruled by the court and we find no error in the record.

The judgment appealed from is affirmed.

Hart, J., and Burnett, J., concurred.