**FORSHAGEN v. PAYNE et ux.**

No. 15083.

Court of Civil Appeals of Texas. Fort Worth.

Nov. 18, 1949.

Rehearing Denied Dec. 16, 1949.

Donald C. Bubar, and Melvin F. Adler, both of Fort Worth, for appellant.

Chas. T. Rowland, of Fort Worth, for appellees.

McDONALD, Chief Justice.

Article 4004, Revised Civil Statutes, Vernon's Ann.Civ.St. art. 4004, provides that actionable fraud with regard to real estate transactions and certain other transactions therein named shall consist of either a false representation of a past or existing material fact, or a false promise to do some act in the future, which is made as a material inducement to another party to enter into a contract. The measure of damages set out in the statute is the difference between the value of the property as represented and the actual value of the property in the condition in which it was delivered at the time of the contract. There are other provisions in the act not material to the questions raised on this appeal.

Plaintiffs Payne and wife, appellees here, bought a house and lot in a suburban area near Fort Worth. They claim that the defendants Harman and wife, the sellers of the property, and the defendant Forshagen, a real estate agent who acted for the sellers in the negotiations with the plaintiffs, represented to plaintiffs that there was a water well on the lot sufficient to supply the needs of the purchasers, but that in fact the well on the property was dry. Judgment was rendered on the jury verdict against all the defendants, but since only the defendant Forshagen has appealed, it is necessary to concern ourselves only with the verdict as to him. The jury found that Forshagen made the alleged representations about the well, but that he did not know they were false when he made them. The jury found that the difference in value of the property with and without the well was $1800.

Judgment was rendered on May 6, 1949. Forshagen filed a timely motion for new trial which was overruled on June 15th. On July 11th Forshagen filed a motion to vacate the judgment. He alleged in substance that on June 14th the plaintiffs had sold the property for as much as they had paid for it, taking into account the reasonable rental value of the property during the time the plaintiffs had occupied it, and that, hence, plaintiffs had suffered no damages from the purchase of the property. The prayer was that the judgment be set aside and that judgment be rendered that plaintiffs take nothing, or in the alternative that a new trial be granted. The trial court set the motion down for hearing on July 15th, and ordered that plaintiffs' attorney be given notice of the motion in a manner specified in the order. On July 14th plaintiffs filed a pleading asking that the motion be dismissed, or in the alternative that it be denied and refused.

In the above mentioned order entered on July 11th, when the motion to vacate was filed, a paragraph was included which reads as follows: "That the thirty-day period after the overruling on June 15, 1949, of said defendant's Motion for New Trial after which said judgment shall become final be and it is hereby extended to August 14th, 1949, in order to permit said motion to be heard and disposed of."

All parties appeared, either in person or through attorneys, on August 13th and on that day the court heard the motion to vacate the judgment and overruled it, reciting in his order exception and notice of appeal by the defendants. The order also indicates that the Harmans filed a similar motion to vacate the judgment, but it is not in the transcript, doubtless on account of the fact that they did not appeal.

The only appeal bond filed by Forshagen was filed on July 15th. The record was filed in this court on August 13th.

Under his first point of error Forshagen complains of the order overruling his motion to vacate the judgment. At first we had some doubt about our authority to review the act of the trial court with respect to this motion, since his order was entered after the appeal bond was filed. But, principally on authority of Glasscock v. Bryant, Tex.Civ.App., 185 S.W.2d 595, writ ref., w. o. m., we have come to the conclusion that the order is properly before us for review. The principal purpose of the appeal bond is to give security to the adverse party. Tynberg v. Cohen, 76 Tex. 409, 13 S.W. 315. The appeal in this case is

actually from the judgment entered on May 6th. That is the judgment appellant is seeking to set aside. There was not a later judgment changing or modifying the judgment of May 6th. It is the final, appealable judgment in this case.

Rule 330, Texas Rules of Civil Procedure, expressly provides that the judgment does not become final until thirty days after the motion for new trial is overruled, and it has many times been held that the court may set aside the judgment during such thirty-day period. Appellant's motion to vacate the judgment was filed within the thirty-day period following the overruling of the motion for new trial, and even if it should be said that the motion last filed was overruled by operation of law at the end of the thirty-day period, a point which we do not decide, all the required steps to appeal have been taken in time.

■ The motion to vacate the judgment was in its nature a motion for new trial based on newly discovered evidence. It has often been held that such motions are addressed very much to the discretion of the trial court, and that an order overruling such a motion will not be reversed unless it appears that the court below has not exercised its discretion according to the established rules of law. See the discussion in 31 Texas Jurisprudence, beginning at page 90. Nevertheless, reversals have followed in many cases where the motion for new trial was overruled. 31 Tex.Jur., p. 93.

■ "While there is some apparent conflict among the authorities, the decisions generally have held that newly discovered evidence, as ground for the granting of a new trial, may consist in proof of events or occurrences which have happened at a time subsequent to the date of the trial. Although the acts or events did not occur until after the trial of the case, yet the evidence is proof of a condition which existed prior thereto, and the probative effect of the testimony is to explain such condition." 39 Am.Jur., p. 180.

As an example of the cases where new trials have been granted because of proof of occurrences happening after the trial, we may cite Southard v. Bangor & A. R. Co., 112 Me. 227, 91 A. 948, L.R.A.1915B, 243, where plaintiff claimed that he was injured so severely that he could do little, if any, manual labor, yet it was shown that soon after the trial he went on a hunting trip, did heavy work, and danced. A new trial was granted in Anshutz v. Louisville Ry. Co., 152 Ky. 741, 154 S.W. 13, 45 L. R.A.,N.S., 87, where the verdict was based on evidence that an operation had rendered the plaintiff barren, but it was shown by newly discovered evidence that a child was actually developing at the time of trial.

Appellees call attention to the fact that they gave a note for the entire purchase price of the property; that the purchaser from them merely assumed the balance on the note; and that appellees are still liable on the note and may later have to take the property back. They argue that the property is still worth less without water than it would have been worth with water.

■ We need not decide whether there can be a cause of action under Article 4004 where the purchaser has sold the property for as much as he paid for it, even though it was misrepresented to him, nor need we pass on all the implications arising from the fact that plaintiffs are still liable on the note. But it seems to us that the resale of the property at approximately the same price plaintiffs paid for it, so shortly after the trial, was of such importance and had such a close bearing on the question of damages that justice and fairness would require re-examination of the question of damages in another trial. Plaintiffs alleged in their petition that the reasonable value of the property, without the well, was only $5000. The resale of the property at a price of $6779.08 was persuasive evidence that the property, even without the well, was worth much more than the $5000 alleged by plaintiffs. It is difficult for us to believe that a jury, on another trial, would not be influenced materially by the newly discovered evidence.

The authorities reveal that appellate courts are reluctant to disturb the action of

the trial courts in overruling motions for new trial based on newly discovered evidence, but it is our opinion that the circumstances of the present case call for another trial in view of the strong showing made that the verdict may be greatly in excess of the damages actually suffered by plaintiffs from the representations made to them by appellant.

■ Appellant presents a vigorous argument to the effect that the statements made by him concerning the well and the water supply were in the nature of expressions of opinion, or predictions as to the future, rather than representations of existing facts. We have examined the opinions in several cases involving representations as to wells or other sources of supply of water on lands, including the following: Hill v. Wilson, 88 Cal. 92, 25 P. 1105; Wolleson v. Coburn, 63 Cal.App. 315, 218 P. 479; Dvorak v. Latimer, 91 Cal.App. 664, 267 P. 578; Tracy v. Smith, 175 Cal. 161, 165 P. 535; Clark v. Ralls, 50 Iowa 275; Mid-Continent Life Ins. Co. v. Pendleton, Tex.Civ.App., 202 S.W. 769; Lott Town & Improvement Co. v. Harper, Tex.Civ.App., 204 S.W. 452; Harper v. Lott Town & Improvement Co., Tex.Com.App., 228 S.W. 188. In Tracy v. Smith, 175 Cal. 161, 165 P. 535, supra, it is said that what is a matter of opinion in cases like the present one depends largely upon the circumstances of the particular case under consideration, and whether or not the representations were made in the character of a statement of fact.

Under all the circumstances of the present case, we are not quite willing to render judgment here in favor of appellant, but believe that justice would be better served by remanding the case for another trial.

What we have said renders unnecessary a discussion of appellant's third point of error.

As to the Harmans, who have not appealed, the judgment is left undisturbed. As to appellant Forshagen, the judgment against him is reversed and the cause against him is remanded for another trial. Rule 434, T.R.C.P.