[Civ. No. 17811. Second Dist., Div. Two. Dec. 12, 1950.]

HOWARD W. DOUGLASS et al., Appellants, v. ALFRED H. DAHM et al., Respondents.

John E. McCall for Appellants.

No appearance for Respondents.

WILSON, J.—At the opening of the trial of this action and before counsel had made any statement or offered any evidence, the court said, "I will entertain a motion by the defend-

ant for a judgment on the pleadings without taking any testimony.'' Whereupon defendants' counsel made such motion. After a colloquy between court and counsel the court said, ''You had better state in your motion that the complaint on file herein shows the adjudication on the face of the complaint . . .'' Counsel for defendant accepted the court's invitation and included the latter as a ground for the motion. The court granted the motion, judgment was entered accordingly and plaintiffs have appealed.

The action is for reformation of a deed to real property and of a judgment for specific performance, and to quiet title. The amended complaint alleges that plaintiffs were the owners of certain real property in Los Angeles County and that in November, 1945, defendant Alfred H. Dahm, as plaintiff, commenced an action, in which plaintiffs herein were named as defendants, to quiet title and for specific performance of an alleged option to purchase a portion of the Douglass' property. An answer was filed, the cause was tried, and judgment was entered in favor of Dahm, from which Mr. and Mrs. Douglass appealed. Thereafter an agreement was entered into between the parties whereby Dahm, in order to obtain the abandonment of the appeal, paid to the Douglasses a sum in addition to that which he had previously agreed to pay for the property. The appeal was dismissed and an escrow was entered into wherein plaintiffs Douglass placed a deed which was eventually recorded. The property was incorrectly described in the complaint filed by Dahm against Mr. and Mrs. Douglass, also in the judgment entered in the action, and in the deed from the Douglasses to Dahm which was placed in escrow and recorded.

The amended complaint herein alleges that the error in the description was unknown to plaintiffs until, in November, 1947, Dahm advised them that he had discovered the mistake, at which time he expressed his desire that the error be corrected and agreed to exchange necessary deeds with plaintiffs in order to correct the mutual mistake. Plaintiffs offered and at all times after the discovery of the mistake were willing and able to prepare and execute a deed conveying to defendants Dahm the intended property by proper and accurate description in exchange for a deed from the Dahms conveying to plaintiffs that portion of the land previously conveyed by mistake. Defendants Dahm refused to execute such a deed. By the second cause of action plaintiffs seek to quiet title to that portion of the property included in the judgment and conveyed by the deed which was not intended to be conveyed.

■ The amended complaint contains a description of the property intended to be described; an allegation that plaintiffs were the owners thereof; the description actually contained in the judgment and the deed; an allegation of the mutual mistake of the parties, and plaintiffs' willingness and ability to execute a deed to make the necessary corrections. These allegations are sufficient to constitute a cause of action for reformation of the instrument. (*Auerbach* v. *Healy,* 174 Cal. 60, 62 [161 P. 1157]; *Holmes* v. *Anderson,* 90 Cal.App. 276, 282 [265 P. 1010]; *Genuser* v. *Ocean etc. Corp.,* 42 Cal. App.2d 673, 674 [109 P.2d 753].)

■ The court was of the opinion that the judgment in the action for specific performance was not subject to reformation and that it was res judicata. In this the court was in error. Equity will as readily reform a judgment as it will a deed, mortgage or other document. (*Quivey* v. *Baker,* 37 Cal. 465, 470, 472; *Dunning Bros. Co.* v. *Johnson,* 47 Cal.App. 397, 399 [190 P. 829].) ■ The judgment in the former case is not res judicata and does not deprive the court of jurisdiction to reform the judgment therein contained. (*Patterson* v. *Almond etc. Co.,* 40 Cal.App. 285, 289 [180 P. 823].)

■ The trial court erred in assuming this to be an action for rescission wherein a tender of the purchase price paid by defendants was necessary in order to entitle plaintiffs to relief. Reformation assumes a valid contract which, by mutual mistake, fails to express the actual intent of the parties and contemplates a continuance of the contractual relations upon the basis that the parties actually intended. A rescission of a contract must be of the contract as a whole and not in part. It is the undoing of a thing and means that both parties to the contract are entirely released as if it had not been made. There is no element of rescission in the instant action.

■ The judgment recites that defendants moved the court for a judgment on the pleadings and that "all of the files, records, papers, pleadings, judgment, and all other records and proceedings" of the former action entitled *Dahm* v. *Douglass* "having been introduced for the court to consider in connection with said motion, . . . the court having considered the same, and being fully advised, granted said motion, . . ."

The court erred in considering the records of the former action. It does not appear in what manner they came before the court, whether they were introduced in evidence or handed to the court by defendants for inspection, or whether the court

considered them *sua sponte*. Upon a motion for judgment on the pleadings the court cannot consider any matter outside the complaint or any defense set up in the answer but the motion must be determined on the same principles as if it were a demurrer to the complaint upon the same ground. (*Hibernia S. & L. Soc.* v. *Thornton,* 117 Cal. 481, 482 [49 P. 573] ; *Elmore* v. *Tingley,* 78 Cal.App. 460, 464-5 [248 P. 706] ; *Bates* v. *Escondido Union High School Dist.,* 133 Cal.App. 725, 727 [24 P.2d 884] ; *Rannard* v. *Lockheed Aircraft Corp.,* 26 Cal.2d 149, 151 [157 P.2d 1].)

The rule is both statutory and elementary that affirmative allegations or defenses in an answer are deemed denied. (Code Civ. Proc., § 462.) Hence the court was without power to consider any of the special defenses pleaded in the answer.

After the case was submitted to this court plaintiffs filed an application for leave to produce additional evidence. Such application must be denied. The trial court was without jurisdiction to hear evidence upon the motion for judgment on the pleadings and this court is likewise without jurisdiction to receive evidence on the appeal.

Judgment reversed. Plaintiffs' application for leave to produce additional evidence is denied.

Moore, P. J., and McComb, J., concurred.