**MAGNOLIA PETROLEUM CO. et al. v.
KLINGEMAN et al.**

No. 12354.

Court of Civil Appeals of Texas.
San Antonio.

Sept. 26, 1951.

Rehearing Denied Oct. 24, 1951.

Roy C. Ledbetter, Sam H. Field, Earl A. Brown, and W. D. Masterson, Jr., all of Dallas, John F. May, Karnes City, for appellants.

J. H. Schleyer, New Braunfels, Fred Klingeman, Karnes City (Cutrer & Cook and W. L. Cook, Jr., all of Houston, of counsel), for appellees.

PER CURIAM.

Appellees have filed a motion to dismiss the appeal in this cause. Their contention is that the motion for a new trial was not amended within twenty days, nor presented to the court within thirty days from its filing, and was therefore overruled by law more than thirty days before the appeal bond was filed, and more than sixty days before the record was filed in this Court, and that therefore we have no jurisdiction to hear such appeal and have no alternative but must dismiss the appeal.

Appellants' motion for a new trial was prematurely filed on April 30, 1951, the judgment not having been signed and filed

until May 2, 1951, and thus the motion for a new trial will be regarded as having been filed on the latter date. The motion was not amended within twenty days or presented to the court within thirty days, therefore, under the provisions of the Special Practice Act, Rule 330, Texas Rules of Civil Procedure, it was overruled by operation of law on June 2, 1951. The cost bond was not filed until July 5, 1951, which was more than thirty days after the motion for a new trial was overruled by operation of law and was not filed within the time prescribed by Rule 356(a) T.R.C.P. The record was not filed in this Court within sixty days after the motion for a new trial was overruled by operation of law, and, therefore, was not filed within the time prescribed by the provisions of Rule 386, T.R.C.P.

Appellants contend that the District Court of Karnes County is not governed, as to the time of taking appeals, by the provisions of Rule 330, T.R.C.P., but is governed by the provisions of Rule 320, T.R.C.P. Rule 330 provides, that "The following rules of practice and procedure shall govern and be followed in all civil actions in district courts in counties where the only district court of said county vested with civil jurisdiction * * * have successive terms in said county throughout the year, without more than two days intervening between any of such terms, * * *."

Karnes County has only one district court vested with civil jurisdiction and its terms of court are governed by the provisions of Section 81 of Article 199, Vernon's Ann.Civ.Stats., reading in part as follows:

"The Eighty-first Judicial District shall be composed of the Counties of Karnes, * * * and the terms of the District Court are hereby designated and shall be held therein each year as follows: * * *

"In the County of Karnes on the first Monday in May, and the first Monday in November. * * *

"Each term of Court in each of such Counties may continue until the date herein fixed for the beginning of the next succeeding term therein."

■ Appellants say that inasmuch as such terms "may" continue until the next term begins, the court is at liberty to adjourn such terms more than two days before the next term begins and therefore the Special Practice Act, Rule 330, supra, does not apply to the District Court of Karnes County. This exact contention was before the Eastland Court of Civil Appeals in National Life & Accident Ins. Co. v. Collins, Tex.Civ.App., 224 S.W.2d 285, and in an opinion in which the Supreme Court refused a writ of error that court overruled the contention. We see no reason to conflict with this decision. See also, Jones v. Campbell, Tex.Civ.App., 188 S.W.2d 679; Federal Underwriters Exchange v. Bailey, 175 S.W. 2d 618.

■ Appellants also contend that inasmuch as Rule 330(l) T.R.C.P., provides in effect that a judgment of a court operating under the provisions of the so-called Special Practice Act, Rule 330, supra, does not become final until thirty days after the date of judgment or order overruling of the motion for a new trial the court has jurisdiction to pass upon a motion for a new trial any time during this thirty days, and, therefore, where a judge does pass upon a motion for a new trial during this thirty-day period the time for filing an appeal bond or the record in this Court should be computed from the date of such order. In support of this contention they cite Dallas Storage & Warehouse Co. v. Taylor, 124 Tex. 315, 77 S.W.2d 1031, and Forshagen v. Payne, Tex.Civ.App., 225 S.W.2d 229. It is true that these cases recognize the fact that the court retains jurisdiction over a judgment for thirty days after the overruling of the motion for a new trial or amended motion for a new trial, but this in no way changes or effects the provisions of Rule 356, requiring an appeal bond to be filed within thirty days after the overruling of the motion or amended motion for a new trial. The trial judge would have had jurisdiction to set the judgment aside for thirty days after July 2, 1951, but this he did not do. Independent Life Ins. Co. of America v. Work, 124 Tex. 281, 77 S.W. 2d 1036; Jones v. Campbell, Tex.Civ.App., 188 S.W.2d 679; Tunstill v. Scott, Tex.Civ. App., 182 S.W.2d 734; Barnes v. Raymer, Tex.Civ.App., 224 S.W.2d 516.

The fact that the trial judge entered orders extending the term of the court for the purpose of finishing the trial and passing on motion for a new trial and further heard and passed upon the amended motion for a new trial after the original motion for a new trial had been overruled by operation of law did not have the effect of extending the time within which appellants could file their appeal bond or the time within which they might file the transcript and statement of facts in this Court.

The District Court of Karnes County, being under the Special Practice Act, Rule 330, supra, and appellants' original motion for a new trial having been overruled by operation of law on June 2, 1951, appellants' appeal bond, filed on July 5, 1951, was filed too late, and the record filed in this Court on August 24, 1951, was filed too late. This Court is without jurisdiction to consider an appeal where the appeal bond is not filed in the trial court within the time prescribed by Rule 356, T.R. C.P. Nor do we have jurisdiction to permit the following of a transcript which has not been tendered to this Court within the time prescribed by Rule 386, T.R.C.P., no extension of time having been procured in the manner provided for therein.

The appeal will be dismissed.