**Juanita WYCHE, as Independent Executrix of the Estate of C. D. Wyche, Deceased, Appellant,**

v.

**BANK OF TEXAS, Appellee.**

No. 16020.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Sept. 21, 1972.

Childress, Port & Crady, Kenneth J. Peden, Houston, Strasburger, Price, Kelton, Martin & Unis, Mike Joplin and H. Norman Kinzy, Dallas, for appellant.

Butler, Binion, Rice, Cook & Knapp, Pearson Grimes and Robert G. Taylor, II, Houston, for appellee.

PER CURIAM.

The appellee has filed a motion to dismiss for want of jurisdiction. It appears that the appellant filed her motion for a new trial on March 17, 1972, prior to the

rendition of the judgment on March 30, 1972. The appellant on April 10, 1972, filed another motion for new trial identical to the one filed on March 17, 1972. Appellant then filed what is entitled "Amended Motion for New Trial" on April 28, 1972, gave notice of appeal on June 22, 1972 and filed her appeal bond on July 12, 1972.

■ It is clear from Rule 306c, Texas Rules of Civil Procedure that the prematurely filed motion for new trial of March 17, 1972, is deemed to have been filed on the date of, but subsequent to, the rendition of the judgment on March 30, 1972. Magnolia Petroleum Company v. Klingeman, 242 S.W.2d 950 (Tex.Civ.App.—San Antonio 1951, writ ref'd).

■ Whether the motion filed on April 10, 1972, be considered as an amended motion for new trial or as a nullity, the appellant has failed to timely file her appeal bond.

If it is considered as a nullity, the appellant's purported amended motion for new trial filed April 28, 1972, cannot be considered because it was not filed within twenty days of the filing of the original motion effective March 30, 1972. Valley Transit Co. v. Lopez, 263 S.W.2d 830 (Tex.Civ. App.—San Antonio 1953, writ ref'd). The premature motion was thereby overruled by operation of law forty-five days later, on May 15, 1972. Rule 329b, T.R.C.P.

Thus, the appeal bond was not timely filed as required by Rule 356(a), T.R.C.P., and this court is without jurisdiction. Magnolia Petroleum Co. v. Klingeman, 242 S.W.2d 950 (Tex.Civ.App.—San Antonio 1951, writ ref'd).

If the motion filed on April 10, 1972 is considered an amended motion for new trial, then the motion filed on April 28, 1972 cannot be considered at all because only one amended motion for new trial can be filed. Rule 329b, T.R.C.P.; Hartford Accident & Indemnity Co. v. Gladney, 335 S.W.2d 792 (Tex.Civ.App.—Waco 1960, writ ref'd, n. r. e.). If we consider the motion filed April 10, 1972, as an amended motion, it was overruled by operation of law on May 25, 1972.

The appeal bond was not filed within thirty days from May 25, 1972, and the court does not have jurisdiction. Magnolia Petroleum Co. v. Klingeman, supra.

From the foregoing, this court does not have jurisdiction and therefore appellee's motion to dismiss is in all respects granted.